The next case this morning is 524-0016, People v. Shoulder. Arguing for the appellant is Stephen Richards. Arguing for the appellee is Diane Campbell. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, counsel. Morning. Good morning. We previously filed a motion to cite additional authority. The Morgan case, we're going to take that under advisement until such time as the deadline for the petition for rehearing has passed and the mandate issues. Just letting you both know. So, appellant, you may proceed if you're ready to do so. Thank you, Your Honor. And if I refer to the Morgan case, it's with the understanding that you have not yet, you know, accepted as authority. If that's okay. Yes. My name is Stephen Richards and I represent the appellant in this case, Joel Shoulder. As you know, this is an appeal from the denial of the certificate of innocence. There are four issues in the brief and they're a little bit complex, but I would like to take the last one first. Because I think that may just be dispositive of many of the issues. So, the last issue is whether Joel Shoulder voluntarily brought about his own conviction and it's acknowledged that he pled guilty. Now, first of all, there's an issue as to the standard of review on COIs, which is briefed in our, which is briefed and which is the reason we cited the Morgan case. It's our position that for COIs, the general standard is review for manifest weight of the evidence, not abuse of discretion. And a corollary to that is that where the evidence at the hearing does not involve live witnesses, but only documentary evidence or stipulated evidence, that the review is de novo. So, if review is de novo, the trial court's decision as to whether Mr. Shoulder voluntarily brought about his own conviction can be reviewed by your honors because your honors are in the exact same position as the trial court judge. You have the stipulation, you have the record, you have everything you need. No live witnesses testified, no credibility judgments were made. So, the question is, if somebody pleads guilty, first of all, does that mean he voluntarily brought about his own conviction? And the answer we have from the Washington case is an emphatic no. Just because you plead guilty doesn't mean you brought about your own conviction. In this case, Mr. Shoulder says, and his affidavit is really unrebutted, that he would not have pled guilty if he had known that there was a potential constitutional problem with armed habitual criminal, and that his attorney did not inform him of that, did not inform him, as actually turned out to be the case eventually, that he could not be guilty of armed habitual criminal because of underlying problems with the qualifying convictions, which were void under AGULA. So, it may be that attorney made a reasonable and reasonable decision either way as to go with the plea. What the trial court says was it's a reasonable decision because six years was the minimum on armed habitual criminal. But that kind of doesn't make any sense because it's not the minimum on UUW or any other charge. It's only the minimum on armed habitual criminal. It might have seemed like a good deal if the defendant believed, as he was told, that he could be convicted of armed habitual criminal, but that was not true, or it turned out not to be true. So, he didn't voluntarily bring about his own conviction. In the Washington case, by the way, the only argument was, I pled guilty because I was taking a risk of 75 years, the offer seemed pretty good to me, and I was tired of the whole thing. That, it seems to me, is a much less reasonable excuse than Mr. Shoulders, which is I wasn't fully informed as to the law, as to the chances one way or another, and I hadn't been so informed, I wouldn't have pled guilty. So, that takes care of the argument as to whether he voluntarily brought about his own conviction. Now, the next issue, again, going in reverse order, is whether, and this is the issue before the Illinois Supreme Court in the Reed case, as to whether with a certificate of innocence, you have to prove your innocence by preponderance of what you were convicted of, or do you have to prove by preponderance that you were not guilty of everything that either was charged or could have been charged. The arguments here are a little bit complex, and I feared you might brief, but I would note that as far as I can determine, the Fifth District has not weighed in on this issue. And I think the court would do a service by weighing in, in my favor, naturally, while the Reed case is pending. The other two issues involve whether UUW in general is a lesser included armed habitual. I think those are technical arguments, which I can leave to my brief. But the other issue here, which is kind of unique to this case, is whether the state is collaterally stopped from claiming that Mr. Scholder could have been convicted of UUW by a felon. That was an issue they raised on his appeal. They raised it, and they lost it. They cited a case which the court found was not on point. And to let them re-litigate this issue at this point, to keep bringing it up, would violate the principle of collateral estoppel. Collateral estoppel means that you get one bite of an apple, generally, on certain issues. And when you had that bite and you've blown it, as I think the state did, you don't get to keep bringing it up. They keep bringing it up. They shouldn't be allowed to. And, therefore, the certificate of innocence should be granted. I would also say, just as a general matter with respect to all the issues, what the Washington case makes clear is that the only Supreme Court views COI statute as a remedial statute, to be liberally construed in favor of people seeking redress for being unlawfully incarcerated, or incarcerated when they're innocent. The only issue here is whether Mr. Scholder is entitled to get some money, or whatever the court of claims gives him, for being convicted of something he turned out to be innocent of, and was found innocent of when this conviction was vacated. He presented all the proof that is necessary. I would also say that in terms of the standard review, except for the possible issue of him bringing about his own conviction, everything else is a legal issue. All that other issues are reviewable de novo anyway. So, your honors are in position, I think, to do the right thing here and to make a decision in Mr. Scholder's favor to reverse the denial of the COI and grant the COI. And if there are no, I welcome the questions, but if there are none, I would reserve my time for rebuttal. Justice Cates, any questions? No. Justice Moore? No questions. All right. Thank you, Counselor. You'll be granted time for rebuttal. Applee, you may proceed if you're ready. Good morning, your honors. Diane Campbell representing the people of the state of Illinois this morning. First of all, I find it quite interesting that defense or my opposing counsel's comment was that as it turned out eventually that the case law was resolved, that the trial court considered when it made its ruling that the case law was in flux. It therefore found that defendant's trial counsel was not ineffective for not having informed him of the Aguilar decision. I'd like to merge several of the issues, and I'm going to weave in my standard of review argument. In my brief, I argue that People v. Evans is the appropriate reference for the case law. And essentially in that, the court holds that the legislature directed the party must establish factors to the court or the director's satisfaction. In this case, in subsection D, the court is similarly directed to make what are subjective determinations. The petition shall state facts in sufficient detail to permit the court to find that the petitioner is likely to cede at trial in proving that the petitioner is innocent of the offenses charged in the indictment or that his acts do not constitute a crime. Additionally, and the petitioner did not by his own conduct voluntarily cause or bring about his or her conviction. So the court is directed to make subjective findings just as the court ruled in Evans. And I would note that in this case, the burden of proof is preponderance. And in Morgan, the court notes that cases using the preponderance of evidence standards are resolved under an abuse of discretion standard. And interestingly enough, I think it is in that case that they note that one of the issues the judge can determine is whether to accept a negotiated plea. But to get back to the defendant's actual specific facts that he alleged, he alleged that, and this is contrary to, sorry, the Washington case. In Washington, the court held that a guilty plea was not a categorical bar to a certificate of innocence and whether or not the court directly held that that defendant had been coerced. Certainly, the court looked at the situation there, and effectively, it was that the police, by violent physical coercion, forced the defendant into his guilty plea. That is the type of innocent defendant that the certificate of innocence is designed to give relief to. In Reed, the court held that the legislature does not intend absurd results. And it would be absurd to issue this defendant a certificate of innocence saying that he was innocent. Here, the defendant alleged in his facts that his counsel did not inform him of Aguilar. So he was not coerced. If anything, it is a negligence charge against his attorney, and he could perhaps seek some sort of remedy through that. He does not deserve a certificate of innocence. In this case, he did not contest his other conviction, which proved that he was a felon. He did not argue that he did not actually have a gun. So he has not contested the fact that he is, in fact, a felon in possession of a gun, which was an offense before Aguilar. It was during. It still is a criminal offense in Illinois. So he is not, in fact, innocent. And Reed pointed that out very succinctly, I think. Reed also held that the court considers whether he is guilty of any of the charged offenses. And that was similarly reflected by the courts in Hatch in the second, Brown in the fourth, Warner in the first. So I would urge this court to join if they don't hold it in advance, you know, regarding Reed to weigh in, obviously, on the side of the state and find that the defendant does actually have to be innocent in order to be entitled to a certificate of innocence. Additionally, as in the defendant's statement, he argues that he would have gone to trial. So in that context, if he had gone to trial, the jury and this is the charging instrument approach, the jury would consider a lesser included offense. And obviously, possession of a weapon by a felon is a lesser included offense of armed habitual criminal because the key difference is that for armed habitual, you have to have multiple prior convictions, while possession of a weapon by a felon only requires the one. If defendant had gone to trial to, or if his counsel had filed a motion to dismiss the charge prior to any trial, the state could simply have, you know, filed the charges with possession of a weapon by a felon. So he failed to provide sufficient details under subsection D that the trial court, that would permit the court to find that petitioner is likely to succeed at trial in proving he was innocent of offenses charged because, you know, if he went to trial, that would include lesser included offenses. The Reed court also points out that the or should not be equivalent to either or. It is very significant that in both subsection D and in G3 and 4, it directs that the defendant be innocent of the offenses charged in the indictment. Or that the acts did not constitute a felony or criminal act, and in subsection 4, that the petitioner did not by his or her own conduct voluntarily cause the conviction. And again, that requires subjective determinations or findings by the trial court, which is why this case fits under the Evans. Ms. Campbell, if we find that the plea was knowing involuntary at the time he pled, do we have to reach the issue of lesser included offenses? I hadn't considered that. Certainly, you know, you could and under either the state should win. Let me just emphasize that whether this is considered de novo, abusive discretion, manifest way to the evidence. It's clear that the defendant was, in fact, guilty, and he does not. He is not eligible to receive a certificate of innocence. He already the law. The law is in flux as to whether or not lesser included offenses not charged in the indictment should be considered. So, my question is, if, you know, if you find that the plea is knowing involuntary, doesn't that resolve the problem? It would, as opposed to having to find that there was a lesser included. Yes. Okay. I obviously would argue we would be in on either, but you are correct that if it's a knowing involuntary and there's no indication that. He did not voluntarily enter that plea and the judge pointed out that he got like the minimum 6 year. My counsel tried to differentiate on that, but it is still a good deal for this defendant. And again, the facts don't support his actual innocence and that he was not, in fact, a felon in possession of a weapon, which is the entire. Focus or should be the focus of a certificate of innocence is that the defendant is, in fact, an innocent person. Any further questions, just escape. No, thank you justice more. No, thank you. Cancel. Present your rebuttal argument. Yeah, thank you. Thank you. Your honor. I would 1st, go to just this case question. Because there is no, and I don't know why my face is not showing up in the background only is, but. If you can bear with me. The Washington resolves that question. Because in Washington, the court did not say that a defendant who pleads guilty knowingly and voluntarily, thereby brings up about their own conviction. That's not what they said. And in Washington, there was no indication that the plea was not knowing involuntary. True, the police had beaten him up, but no police officer was beating him up when he pled guilty. He said in Washington, I pled guilty because I was tired. Because I was looking at maybe 75 years. 13 years seemed like a good deal. And that's why I pled. And the court in Washington said that's good enough to show that he didn't voluntarily bring about his own conviction. That's a much weaker case than here, where it's clear that the defendant was never advised, even that the law was in flux. He was never advised that there was a possibility that he couldn't be convicted of armed habitual criminal. He was never advised that there was a possibility that the maximum sentence was less than six years, and the minimum far less, far less as well. So with all of those flaws, whether his plea was knowing and intelligent or not, he did not plead. He did not bring about his own conviction. And there's a strong case he didn't receive effective assistance of counsel either. Counsel might have advised him, well, listen, the law is in flux. Maybe this is a good deal. Maybe it's not. You have to take a risk. But he didn't do that. And there's no dispute that he didn't do it because it was stipulated that counsel didn't do it. Now, moving on to the Evans case. Mr. Richards, before Mr. Richards, before you move on, I understand that you want us to find that the plea was not knowing involuntary. But my question is, if we would find that it is knowing involuntary under the circumstances, do we have to reach the lesser included issues with regard to whether they need to be set forth in the indictment? Your Honor, with all due respect, you don't have to find the plea was not knowing and knowing involuntary. That's not the issue. Even if the plea was knowing involuntary, he still not might not have received effective assistance. And even if the plea was knowing involuntary, even if he received effective assistance under Washington, if there was some good reason why he pled other than being guilty, then he would not have brought about his own conviction or cause his own conviction. Because the defendant in Washington pled guilty knowingly involuntarily. He received effective assistance of counsel. He just decided he was tired of the whole thing and wanted to get it over with. And the court said that's a sufficient explanation. And he didn't bring about his conviction knowingly involuntarily. So I disagree with the premise of Your Honor's question, and I would suggest looking at Washington quite carefully. Because Washington does not say that the defendant has to prove by preponderance that his plea was not knowing involuntary. That's not the standard. The defendant has to show that he did not cause or bring about his own conviction. And he could do that by showing the plea was not voluntary. He could show that by the plea was not knowing. He can show it by the defendant was ineffective or, as in Washington, just by showing that circumstances excuse why he pled guilty. And that's what Washington says. And I would just ask Your Honor to review Washington on that point. So you're right. If you find he brought about his own conviction, everything else goes to the side. But he didn't bring about his own conviction. And since he didn't bring about his own conviction, then Your Honors are left with the other thorny, tangled issues involved here. If I have a moment or two, I'd also just like to say that as to Evans, counsel, I refuted that in my reply brief. Evans said the standards of use of discretion because it was to the satisfaction. Morgan makes clear that where you have a binary decision, preponderance or not preponderance, the standard is manifest weight. And if there's no live witnesses, the standard is de novo review. So it is de novo review. Would he have proved at trial by preponderance that he was not guilty of armed habitual? Of course, because he was not guilty of armed habitual. The appellate court said that. Even had he been convicted at the trial, that conviction would have been vacated and reversed. And everybody knows it because it happened. It was reversed. He was not guilty of armed habitual. He should receive a certificate of innocence. Any final questions, Justice Cates? No, thank you, Justice McKinney. Justice Moore? No questions. All right. Thank you very much, counsel, for your arguments. We will take this matter under advisement and issue a ruling in due course.